UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOHN PETERSON,                              )
                                           )
                Petitioner,                )
                                           )
v.                                         )            CV426-099
                                           )
NICOLE BOND, *et al.*,                     )
                                           )
                Respondents.               )

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* petitioner John Peterson has filed the instant petition challenging the validity of his pretrial detention on a prosecution pending in this Court, pursuant to 28 U.S.C. § 2241. *See generally* doc. 1; *see also United States v. Peterson*, 4:25-cr-129, doc. 1 (S.D. Ga. Oct. 8, 2025) (Indictment). He moves to proceed *in forma pauperis*. Doc. 2. Since it appears that he lacks sufficient funds to pay the filing fee, that Motion is **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen the Petition. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner

1

is not entitled to relief in the district court, the judge must dismiss the petition . . . .").[1]

Peterson asserts five grounds for relief. All of them concern the propriety of the investigation and proceedings in his underlying, and still-pending, criminal case. *See* doc. 1 at 6-7. Ground One asserts that the stop that resulted in officers' discovery of the gun underlying the criminal charges against him lacked probable cause. *Id.* at 6. Ground Two asserts that inconsistencies between video recordings of the events and written police reports are evidence of "bad faith." *Id.* Ground Three disputes the veracity of the purported "anonymous tip," supporting probable cause for the stop. *Id.* Ground Four asserts that the gun discovered in Peterson's possession is not his property. *Id.* at 7. Finally, Ground Five asserts that he was not read his rights. *Id.* at 7. He seeks "[a]quittal and case dismissal without prejudice," along with immediate release. *Id.*

Peterson simply may not use a § 2241 motion as an alternative procedural means to raise disputes that are or could be raised in his on-

---

[1] The Rules Governing Section 2254 Cases also govern petitions pursuant to § 2241. *See* Rule 1(b), Rules Governing Section 2254 Cases.

going criminal case. Although § 2241 provides a remedy for pre-trial detainees, *see, e.g., Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401 403 n. 1 (11th Cir. 1988) ("Pre-trial habeas petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered." (citation omitted)), "in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial," *Jones v. Perkins*, 245 U.S. 390, 391 (1918). As the Eleventh Circuit has succinctly explained, claims that "are properly brought during [a] criminal case and subsequent direct appeal," are "premature," and subject to dismissal, when asserted in a pre-judgment habeas petition. *Garcon v. Palm Beach Cnty. Sheriff's Office*, 291 F. App'x 225, 226 (11th Cir. 2008). As the United States Court of Appeals for the Third Circuit explained "insofar as [a § 2241 petitioner] sought to challenge the charges against him or the conduct of law-enforcement officers during arrest or interrogation, he [is] required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition." *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018). The Court notes that Peterson's counsel in the underlying

3

criminal case has filed, and the Court has set a hearing to consider, a Motion to Suppress. *See, e.g.,* 4:25-cr-129, doc. 31 (S.D. Ga. Apr. 1, 2026) (order setting a hearing on May 7, 2026 to consider pending Motion to Suppress).

Since Peterson's claims all either are or could be asserted in his pending criminal case, he cannot assert them in a pretrial § 2241 petition. Accordingly, the petition should be **DISMISSED**. Doc. 1. This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.,*

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 17th day of April, 2026.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5